## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

**JERAD GRIMES,**
**and GEORGIA EMILY EDMONDSON**
**on behalf of themselves and all others**
**similarly situated,**

**CASE NO.:  1:21-cv-2367**

**Plaintiffs,**

**vs.**

**ELI LILLY AND COMPANY, a**
**Domestic For-Profit Corporation**
**and LILLY USA, LLC, a Domestic**
**Limited Liability Company,**

**Defendants.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs Jerad Grimes and Georgia Emily Edmondson ("Plaintiffs" or, individually, "Grimes" or "Edmondson"), for themselves and on behalf of all others similarly situated, allege, upon personal knowledge as to themselves and upon information and belief as to others, as follows:

## INTRODUCTION

1.     This is a class and collective action brought by pharmaceutical sales representatives who applied to work for Defendant Eli Lilly and Company ("Eli Lilly") alleging violations of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.* ("FCRA") and the Georgia Age Discrimination Act (GA Code Sec. 34-6A-2) ("GADA"). Plaintiffs are seeking damages including back pay, front pay, liquidated damages, punitive damages, lost benefits, compensatory damages, emotional distress, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which Plaintiffs are entitled, including, but not

limited to, equitable relief.

2.      Eli Lilly is a global pharmaceutical corporation which claims to be a worldwide leader in cutting-edge pharmaceutical drugs. Eli Lilly is also very profitable. For 2020, Eli Lilly reported worldwide revenue of $24.540 billion dollars.

3.      Plaintiffs applied for positions across the country in different cities and states to work for Defendants as Sales Representatives in Defendants' Diabetes Business Unit and Defendants' Primary Care Business Unit. Their applications for employment were rejected and they were never hired despite being as qualified and/or more qualified than younger applicants who were hired.

4.      Eli Lilly prides itself on attracting and retaining young workers. Eli Lilly prefers not to hire, and actively eliminates from consideration for hire solely on the basis of their age, older individuals for its Sales Representative positions in the Diabetes and Primary Care Business Units. Rather, it prefers to hire, and except in rare circumstances does hire younger individuals, with an emphasis on hiring through on-campus hiring or hiring of interns with little to no experience.

## DISCRIMINATION AGAINST OLDER WORKERS

5.      Eli Lilly's discriminatory culture and practices have distributed the benefits of its enormous success unequally—systematically favoring younger applicants at the expense of their older counterparts. Individuals 40 years of age and older are rarely hired as Sales Representatives in Defendants' Diabetes and Primary Care Business Units.

6.      Eli Lilly maintains hiring policies and practices which give preference to younger employees solely based on their age, resulting in the disproportionate employment of employees under the age of 40.  Eli Lilly's unlawful bias against older applicants manifests itself in several

ways, including but not limited to: (1) a near-exclusive reliance on a recruitment system that requires applicants either to be affiliated with a university or to be part of Eli Lilly's internship program which itself is almost and/or is exclusively filled with individuals under the age of 40; (2) an explicit and stated strategy of attracting, hiring, and retaining individuals it terms "Millennials" and/or "Early Career Professionals;" (3) creating employee resource groups for "Early Career Professionals" which cater to maintaining employment of "Millennials;" (4) instituting company-wide hiring quotas which set specific percentages for hiring "Early Career Professionals" and/or "Millennials," and requiring Area Managers and District Sales Managers to meet those quotas to the exclusion of qualified older candidates; and (5) evaluating Area Managers and District Sales managers on whether they achieved their quotas/mandates for hiring younger workers as part of their quarterly/annual performance reviews which, in part, determine things like manager compensation/bonuses. As a result of this bias against older sales representatives, who are equally or more qualified, such persons have been systematically excluded from the job/career opportunities afforded to younger Eli Lilly applicants.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over the ADEA claims pursuant to 28 U.S.C. § 1331 and Section 7(c) of the ADEA, 29 U.S.C. § 626(c).

8.      This Court has supplemental jurisdiction over the FCRA and GADA claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

9.      The United States District Court for the Southern District of Indiana has Personal and general jurisdiction over Eli Lilly because the company does business in Indiana and in this

District, its corporate headquarters is located in Indiana and in this District and because the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and Eli Lilly's corporate headquarters are located in this District.

11.     Plaintiff Grimes has exhausted his administrative remedies and complied with all statutory prerequisites for his ADEA and FCRA claims. On or about July 23, 2020, Grimes dual-filed a class charge of age discrimination under the ADEA and FCRA with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") on behalf of himself and all other similarly-situated applicants over the age of 40 alleging systemic age discrimination in Eli Lilly's hiring practices.  Pursuant to the EEOC's work-sharing agreement with the FCHR Grimes' charge is considered dually filed with the FCHR. Sixty days have passed since the filing of this charge with no determinations being made by the EEOC and more than 180 days have passed since the filing of this charge with the FCHR without any determinations being made by the FCHR. 29 U.S.C. § 626(d)(1).

12.     Plaintiff Edmondson has exhausted her administrative remedies and complied with all statutory prerequisites for her ADEA and GADA claims. On or about August 26, 2020, Edmondson dual-filed a class charge of age discrimination under the ADEA and GADA with the EEOC on behalf of herself and all other similarly-situated applicants over the age of 40 alleging systemic age discrimination in Eli Lilly's hiring practices.  Sixty days have passed since the filing of this charge with no determinations being made by the EEOC. 29 U.S.C. § 626(d)(1).

13.     Any and all other prerequisites to the filing of this suit have been met.

**PARTIES**

4

**PLAINTIFF JERAD GRIMES**

14.     Plaintiff Jerad Grimes is a Pharmaceutical Sales Representative, who lives in Florida. He is a citizen of the United States. He was born in 1971 and is now 49 years old.

15.     Between on or about April 1, 2017, and January 24, 2020, Plaintiff Grimes applied for available Sales Representative positions in Eli Lilly's Diabetes and Primary Care Business Units.  Such available positions were located in states across the country, including, but not limited to Florida, Georgia, North Carolina, South Carolina, California, Texas and New York.  His employment applications were all rejected by Eli Lilly with either no interview or after a single interview.

**PLAINTIFF GEORGIA EMILY EDMONDSON**

16.     Plaintiff Georgia Emily Edmondson is a Pharmaceutical Sales Representative who lives in Georgia.  She is a citizen of the United States.  She was born in 1966 and is now 55 years old.

17.     Between on or about January 1, 2018, and June 17, 2020, Plaintiff Grimes applied for available Sales Representative positions in Eli Lilly's Diabetes and Primary Care Business Units.  Such available positions were located in Georgia. Her employment applications were all rejected by Eli Lilly with either no interview or after a single interview.

**DEFENDANT ELI LILLY**

18.     Upon information and belief, Defendant Eli Lilly is an Indiana corporation limited formed under the laws of the Indiana with its principal place of business located at Lilly Corporate Center in Indianapolis, IN 46285.

19.     Upon information and belief, Defendant Eli Lilly maintains control, oversight, and direction over the operation of its sales force on a nation-wide basis, including its

employment practices.

20.     Defendant Eli Lilly received Plaintiffs' applications for employment for pharmaceutical sales representative positions and rejected their applications, with the purpose and effect of denying them employment because of their age.

21.     On information and belief, Defendant Eli Lilly employs over 33,625 people worldwide. In 2021, Eli Lilly employed over 15,000 people in North America. Thousands of potential class members have applied, attempted to apply, or have been interested in applying to the Covered Positions during the relevant time period.

## FACTUAL ALLEGATIONS

### ELI LILLY'S RECRUITING AND HIRING PRACTICES

22.     Eli Lilly's recruiting and hiring policies, patterns, and/or practices are discriminatory because they deter applicants 40 years of age or older from applying and disfavor interviewing and/or hiring those applicants 40 years of age or older who do apply. Specifically, in furtherance of its discriminatory policy of employing a salesforce in the Covered Positions comprised of "Millennials" and "Early Career Professionals," Eli Lilly recruits for many positions and fills such positions only through on-campus recruiting program, resulting in disproportionately higher employment of younger employees than their older comparators.

23.     In fact, Eli Lilly generally does not post job openings for sales representative positions in its Diabetes and Primary Care Business units publicly on its website, even though it regularly posts job openings for "Experienced" hires on its website and via other online media. The only way to apply to these positions is through Eli Lilly's on-campus recruitment program, which requires a college affiliation and to be initially hired as an intern.  Eli Lilly typically fills sales representatives positions with interns until there are no more interns left. Only after

exhausting all potential intern hires does Eli Lilly sometimes post these positions publicly.

24.     Even after posting such positions publicly older applicants are routinely eliminated early in the process based on their age, as Area Managers and District Sales Managers across the country try to meet Eli Lilly's high quotas for hiring "Millennials" and "Early Career Professionals" which ranged across the class period from a minimum quota of 40% "Millennial" hiring all the way upwards to a 100% "Millennial" hiring quota.  To meet these discriminatory quotas, managers would frequently demand that Eli Lilly's global recruitment department fill its interview panels with only younger applicants and/or if they were provided with too many older applicants to provide them with additional younger applicants prior to making their hiring decisions.

25.     In addition, Eli Lilly has a continuing policy, pattern, and/or practice of subjecting sales representative applicants in the Diabetes and Primary Care Business Units 40 years of age or older to disparate treatment. Namely, Eli Lilly intentionally disfavors hiring people 40 years of age or older for sales representative positions in these two business units.  Upon information and belief, when applicants 40 years of age or older apply for such positions, regardless of level, Eli Lilly intentionally screens them out and denies them employment opportunities because of their age.

26.     Further, upon information and belief, Eli Lilly views younger applicants as being more physically attractive than older applicants. Based on their younger appearance, Eli Lilly believes younger applicants are better suited to be employed in a sales representative role. Because sales representative roles are primarily client-facing roles whereby sales representatives regularly interact with physicians who prescribe Eli Lilly products to their patients, Eli Lilly prefers that sales representatives to have a youthful appearance.

27.     These policies, patterns, and/or practices are no accident. Rather, they are part and parcel of Eli Lilly's corporate culture. Most of Eli Lilly's sales force is comprised of young, attractive males and females. Eli Lilly has intentionally implemented company-wide policies and practices throughout the United States which discriminate against older applicants in order to maintain its fresh crops of younger sales representatives. Eli Lilly's policies and practices have the effect of deterring prospective applicants ages 40 and older from applying and denying job opportunities to those individuals ages 40 and older who do apply.

28.     For instance, in January of 2017, Defendant hired a new Chief Executive Officer ("CEO"), David Ricks.  Immediately upon his arrival, Mr. Ricks began to publicly stress the fact that he wanted to increase the percentage of millennial sales representatives to 40% of the overall sales force by 2020.  Mr. Ricks publicly stated this age-based hiring quota during a company-wide town-hall conference call/meeting in or around April of 2017. All Eli Lilly employees and executives were present during this company-wide town hall call/meeting.

29.     Upon information and belief, shortly after Mr. Ricks' public statements and setting of this numeric hiring quota, Eli Lilly began engaging in a pattern and/or practice of refusing to interview or hire sales representatives who were over the age of 40, gave preferential hiring/interview status only to new graduates out of college, and created a group called "ECP" which stands for "Early Career Professionals" to cater to and support younger sales representatives.

30.     No such professional groups or support groups were ever offered to sales representatives who were more senior.

31.     In addition, in the months and years following Mr. Ricks' initial announcement of Eli Lilly's plan to increase the percentage of millennial sales representatives, multiple members

of Eli Lilly's leadership team would routinely boast to all of the sales representatives on company-wide "town hall meeting" conference calls about the fact that the company meeting their hiring quotas/mandates for younger applicants and was successful in rapidly increasing the percentage of "millennial sales representatives."

32.     Indeed, one of Eli Lilly's sales representative managers (identity unknown) in Florida stated during one of the company-wide town hall conference calls "let's face it guys, we're just too old."

33.     In all years following Mr. Rick's public comments regarding his preference for hiring younger workers and setting a company-wide quota of 40% of all hires in the sales force being "Millennials," Eli Lilly steadily increased the hiring quotas for younger workers in the Diabetes and Primary Care Business Units to 60%, and then 80%. Indeed, at one point, Eli Lilly's Director-level and Officer-level employees set **100% "Millennial" hiring quotas** if the 60% or 80% hiring quotas were not being met, in order to increase the hiring of younger sales representatives across the United States.

34.     Eli Lilly also instituted another discriminatory hiring practice across the United States whereby if any District Sales Managers wanted to hire an older sales representative, that manager had to submit the older applicant for "approval" to both their Area Sales Manager and also, in some instances, Eli Lilly's VP of Sales, David Noesges, who oversaw all sales representatives across the country for Eli Lilly's Diabetes and Primary Care Business units. Although many District Sales Managers requested approval to hire older applicants from their respective Area Managers and/or David Noesges, their requests were overwhelmingly denied by their superiors, and some were even told "not to bother submitting anyone over the age of 30

anymore" by Director-level employees at Eli Lilly, or that Director-level employees had a "strong preference" for younger sales representatives.

35.     Accordingly, in addition to bringing this action for themselves, Plaintiffs also bring this action on behalf of two state law based classes in either Florida ("Florida Class") and/or Georgia ("Georgia Class") and a nation-wide collective ("Nationwide Collective") of similarly-situated applicants 40 years of age or older who have been (1) denied employment sales representative positions in the United States in Eli Lilly's Diabetes and Primary Care Business Units or comparable positions (the "Covered Positions") and/or (2) deterred from applying to work in the Covered Positions at Eli Lilly at any time from April 1, 2017, through the resolution of this action. Through this action, Plaintiffs seek to end Eli Lilly's discriminatory policies and/or practices and to make the classes and collective whole through monetary relief and/or enjoining these discriminatory practices from continuing.

36.     Eli Lilly has engaged in a systematic pattern and practice of discriminating against individuals (including Plaintiffs) who are age 40 and older in hiring with the resultant effect that persons age 40 or older are systematically excluded from positions for which they are well-qualified.  The end result of Eli Lilly's pattern and practice of age discrimination is a workforce where most newly hired sales representatives for the Covered Positions are under the 30 and/or 40 years old.  Upon information and belief, Eli Lilly's discriminatory conduct was intentional.

37.     Upon information and belief, Eli Lilly's Executive Team (which includes the CEO and all other Officer-level employees) instructed and demanded Eli Lilly's Director-level Area Managers and Global Recruiting staff to carry out systemic age discrimination in hiring. Upon information and belief, Eli Lilly's Officer-level and Director-level employees for the sales

and recruiting divisions attended monthly "IGNITE" meetings where coordinated efforts and plans were made to meet the Executive Team's hiring quotas for "Millennials" and "Early Career Professionals."

38.     Eli Lilly discriminated against the above-described class/collective of similarly situated individuals on the basis of their age, including by implementing policies and practices which were designed to systematically recruit and hire sales representatives under the age of 40 in lieu of older qualified workers. This action seeks to end Eli Lilly's discriminatory policies, patterns, and/or practices, and to make the Florida and Georgia Classes and Nationwide Collective whole through the following remedies: injunctive relief to remedy systemic age discrimination; an award of back pay and front pay; liquidated damages; compensatory and punitive damages; and attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiffs bring this collective action pursuant to 29 U.S.C. §§ 216(b), 626(b) seeking liability-phase injunctive and declaratory relief on behalf of a collective of all applicants who were not hired for the Covered Positions, and deterred prospective applicants (seeking injunctive relief only as to the deterred prospective applicants only)[1] for the Covered Positions, ages 40 and older, in the United States, at any time from April 1, 2017, through the resolution of this action for claims under the ADEA. Plaintiffs also bring this collective action pursuant to 29 U.S.C. §§ 216(b), 626(b) for monetary damages and other make-whole relief on behalf of a collective of all applicants who were not hired for the Covered Positions, ages 40 and older, in the United States, at any time from April 1, 2017, through the resolution of this action for claims under the ADEA.

---

[1] At this juncture, Plaintiffs are only seeking equitable remedies and/or injunctive relief on behalf of the deterred applicants throughout all counts of this Complaint. Plaintiffs reserve the right to amend this Complaint to assert claims for monetary damages on behalf of the deterred applicants at a later time.

40.     Plaintiffs and other potential members of the collective are similarly situated in that they have all sought and been denied Covered Positions, and/or were deterred from applying for the Covered Positions at Eli Lilly due to policies and practices that have the purpose and effect of denying them employment opportunities because of their age.

41.     There are many similarly situated collective members who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Notice should be sent to the collective pursuant to 29 U.S.C. §§ 216(b), 626(b).

42.     As part of its regular business practice, Eli Lilly has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the ADEA with respect to Plaintiffs and the collective. This policy and pattern or practice includes, but is not limited to:

     a.    willfully utilizing a biased recruiting system for Covered Positions that excludes, deters, and discriminates against workers ages 40 and over; and

     b.    willfully implementing hiring quotas/mandates for "Millennials" and/or "Early Career Professionals" that deters and discriminates against applicants ages 40 and over for the Covered Positions;

     c.    willfully implementing a discriminatory "approval" process for hiring applicants ages 40 and over for the Covered Positions to which applicants under the age of 40 were not subjected;

     c.    willfully refusing to hire qualified applicants ages 40 and over for the Covered Positions.

43.     Eli Lilly maintained and implemented these policies and practices with the purpose and effect of denying Plaintiffs and other members of the collective employment opportunities because of their age. These policies cannot be justified on the basis of reasonable factors other

than age.

44.    Eli Lilly is aware or should have been aware that federal law requires it to conduct recruitment and hiring for the Covered Positions without regard to an applicant's age.

## CLASS ACTION ALLEGATIONS UNDER THE FCRA

45.    Plaintiff Grimes also brings this class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (c)(4) seeking liability-phase injunctive and declaratory relief under the FCRA on behalf of a class of all applicants who were not hired for the Covered Positions, and deterred prospective applicants (seeking injunctive relief only as to the deterred prospective applicants only) for the Covered Positions, ages 40 and older, who applied for available positions in Florida, and were not hired, or who were deterred from applying at any time from April 1, 2017, through the resolution of this action. Plaintiff also brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) for monetary damages and other make-whole relief under the FCRA on behalf of a class of all applicants who were not hired for Covered Positions, ages 40 and older, who applied for available positions or were deterred from applying in Florida at any time from April 1, 2017, through the resolution of this action. Plaintiff Grimes reserves the right to amend the definition of the class based on discovery or legal developments.

46.    Plaintiff is a member of the class he seeks to represent.

47.    The members of the class identified herein are so numerous that joinder of all members is impracticable. As of June 2021, Eli Lilly employs over 34,657 employees worldwide and approximately 15,421 in the North American region. Although Plaintiff does not know the precise number of all applicants and deterred prospective applicants ages 40 and older of Eli Lilly, the number is far greater than can be feasibly addressed through joinder.

48.    There are questions of law and fact common to the class, and these questions

predominate over any questions affecting only individual members. Common questions include, among others:

      (a)    whether Eli Lilly's policies or practices exclude prospective applicants ages 40 and over from applying to the Covered Positions;

      (b)    whether Eli Lilly's policies or practices deter prospective applicants ages 40 and over from applying to the Covered Positions;

      (c)   whether Eli Lilly's policies or practices discriminate against applicants and deterred prospective applicants ages 40 and older;

      (d)    whether Eli Lilly intentionally disfavors applicants ages 40 and older;

      (e)    whether Eli Lilly's policies and practices violate the FCRA;

      (f)    whether Eli Lilly's challenged policies or practices are necessary to its business operations;

      (g)    whether age is a bona fide occupational qualification; and

      (h)    whether equitable remedies, injunctive relief, economic damages, compensatory damages, and punitive damages for the class are warranted.

49.    The Representative Plaintiff Grimes' claims are typical of the claims of the Florida class.

50.    The Representative Plaintiff Grimes will fairly and adequately represent and protect the interests of the members of the Florida class. Plaintiff has retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.

51.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Eli Lilly has acted and/or refused to act on grounds generally applicable to the

class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole. The class members are entitled to injunctive relief to end Eli Lilly's common, uniform, unfair, and discriminatory policies and practices.

52.     Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Eli Lilly's common, uniform, unfair, and discriminatory policies and practices. The propriety and amount of punitive damages are based on Eli Lilly's conduct, making these issues common to the class.

<u>**CLAIMS OF REPRESENTATIVE PLAINTIFF GRIMES**</u>

<u>**JERAD GRIMES**</u>

53.     Plaintiff Jerad Grimes is a Pharmaceutical Sales Representative, who lives in Florida. He is a citizen of the United States. He was born in 1971 and is now 49 years old.

54.     Plaintiff Grimes previously worked for Eli Lilly as a Sales Representative from approximately 2008 until March/April of 2017. Plaintiff Grimes was laid off during a company-wide restructuring, but was invited to re-apply for sales representative positions as they became available by Eli Lilly.

55.     Between on or about April 1, 2017 and January 24, 2020, Plaintiff Grimes regularly applied for dozens of available Sales Representative positions in Eli Lilly's Diabetes and Primary Care Business Units.  Such available positions were located in states across the country, including, but not limited to Florida, Georgia, North Carolina, South Carolina, California, Texas and New York.  His employment applications were all rejected by Eli Lilly

with either no interview or after a single interview.

56.     Recently, on or about October 1, 2019, Plaintiff Grimes applied for a sales representative position and was not hired or interviewed.

57.     Thereafter, on or about January 24, 2020, Plaintiff Grimes also applied for employment with Eli Lilly through a staffing company, Syneos Health, who Eli Lilly uses from time to time to fill available sales representative positions.  This position was for a Florida-based sales representative position and Plaintiff Grimes was granted an interview. Plaintiff Grimes personally knew several members of the interview panel through past connections from his prior employment. Despite his direct/on-point experience and good prior relationship with the hiring panel, Mr. Grimes was not hired.

58.     Instead, on information and belief, Eli Lilly hired a substantially younger individual who was not more qualified than Grimes to fill the position.

59.     Grimes was deterred from applying to additional Eli Lilly positions due to Eli Lilly's discriminatory practices and policies.

59.     On or about July 23, 2020, Grimes dual-filed a charge of age discrimination with the EEOC and FCHR specifically alleging class-wide claims on behalf of all similarly situated individuals age 40 or older who were either deterred from applying or denied employment by Eli Lilly because of their age.

60.     This charge is considered dually filed with the FCHR pursuant to the EEOC's work-share agreement with the FCHR. More than 60 and/or 180 days have now passed without a determination from either the EEOC and the FCHR, respectively.

## CLASS ACTION ALLEGATIONS UNDER THE GADA

61.     Plaintiff Edmondson also brings this class action pursuant to Federal Rules of

Civil Procedure 23(a), (b)(2), and (c)(4) seeking liability-phase injunctive and declaratory relief on behalf of a class of all applicants who were not hired for the Covered Positions, and deterred prospective applicants (seeking injunctive relief only as to the deterred prospective applicants only) (seeking injunctive relief only as to the deterred prospective applicants only) for the Covered Positions, ages 40 and older, who applied for available positions in Georgia, and were not hired, or who were deterred from applying at any time from January 1, 2018 through the resolution of this action for claims under the GADA. Plaintiff also brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) for monetary damages and other make-whole relief on behalf of a class of all applicants ages 40 and older for the Covered Positions who applied for available positions in Georgia at any time from January 1, 2018 through the resolution of this action for claims under the GADA. Plaintiff Edmondson reserves the right to amend the definition of the class based on discovery or legal developments.

62.     Plaintiff is a member of the class she seeks to represent.

63.     The members of the class identified herein are so numerous that joinder of all members is impracticable. As of June 2021, Eli Lilly employs over 34,657 employees worldwide and approximately 15,421 in the North American region. Although Plaintiff does not know the precise number of all applicants and deterred prospective applicants ages 40 and older of Eli Lilly, the number is far greater than can be feasibly addressed through joinder.

64.     There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual members. Common questions include, among others:

(a)     whether Eli Lilly's policies or practices exclude prospective applicants ages 40 and over from applying to the Covered Positions;

17

(b)      whether Eli Lilly's policies or practices deter prospective applicants ages 40 and over from applying to the Covered Positions;

(c)      whether Eli Lilly's policies or practices discriminate against applicants and deterred prospective applicants ages 40 and older;

(d)      whether Eli Lilly intentionally disfavors applicants ages 40 and older;

(e)      whether Eli Lilly's policies and practices violate the GADA;

(f)      whether Eli Lilly's challenged policies or practices are necessary to its business operations;

(g)      whether age is a bona fide occupational qualification; and

(h)      whether equitable remedies, injunctive relief, compensatory damages, and punitive damages for the class are warranted.

65.      The Representative Plaintiff Edmondson's claims are typical of the claims of the Georgia class.

66.      The Representative Plaintiff Edmondson will fairly and adequately represent and protect the interests of the members of the Georgia class. Plaintiff has retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.

67.      Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Eli Lilly has acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole. The class members are entitled to injunctive relief to end Eli Lilly's common, uniform, unfair, and discriminatory policies and practices.

68.      Class certification is also appropriate pursuant to Federal Rule of Civil Procedure

23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Eli Lilly's common, uniform, unfair, and discriminatory policies and practices. The propriety and amount of punitive damages are based on Eli Lilly's conduct, making these issues common to the class.

## CLAIMS OF REPRESENTATIVE PLAINTIFF EDMONDSON

## GEORGIA EMILY EDMONDSON

69.     Plaintiff Emily Edmondson is a Pharmaceutical Sales Representative who lives in Georgia.  She is a citizen of the United States.  She was born in 1966 and is now 55 years old. She has over 20 years of Pharmaceutical sales experience from companies other than Eli Lilly.

70.     Between on or about January 1, 2018 and June 17, 2020, Plaintiff Grimes applied for available Sales Representative positions in Eli Lilly's Diabetes and Primary Care Business Units.  Such available positions were located in Georgia. Her employment applications were all rejected by Eli Lilly with either no interview or after a single interview.

71.     On or around May 18, 2018, Edmondson interviewed with Eli Lilly for an available sales representative position in Georgia.  During the interview, the manager from Eli Lilly, Scott Rech, never bothered to ask Ms. Edmondson about her qualifications or experience, but sought to gain information regarding her established contacts in the area.  During the interview, Eli Lilly's manager wrote down the names of the contacts Edmondson told him about in order to poach her contacts.

72.     At the end of the interview, Edmondson felt used and was not offered the position.

73.     Instead, upon information and belief, Eli Lilly hired a substantially younger female aged 25-35 who was not more qualified than Edmondson to fill the position.

74.     On or about August 26, 2020, Grimes dual-filed a charge of age discrimination with the EEOC and Georgia Commission on Equal Opportunity specifically alleging class-wide claims on behalf of all similarly situated individuals age 40 or older who were either deterred from applying or denied employment by Eli Lilly because of their age.

75.     More than 60 days have now passed without a determination from either the EEOC and the Georgia Commission on Equal Opportunity.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
#### Intentional Discrimination
#### (Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 623(a)(1))
#### (On Behalf of Plaintiffs and the Collective)

76.     Plaintiffs incorporate the preceding paragraphs 1-75 as alleged above.

77.     This Claim is brought by Plaintiffs Grimes and Edmondson for themselves and on behalf of the collective they represent. Plaintiffs have timely filed charges with the EEOC and has thus exhausted their administrative remedies. Sixty days have passed since Plaintiffs have filed charges with the EEOC.

78.     Eli Lilly engages in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against applicants and prospective applicants ages 40 and older. Eli Lilly has intentionally discriminated against Plaintiffs and the collective in violation of the ADEA by, among other things:

    a.     willfully utilizing a biased recruiting system for Covered Positions that excludes, deters, and discriminates against workers ages 40 and over; and

    b.     willfully implementing a hiring quotas/mandates for "Millennials" and/or

"Early Career Professionals" that deters and discriminates against applicants ages 40 and over for the Covered Positions;

c.    willfully implementing an "approval" process for hiring applicants ages 40 and over for the Covered Positions that applicants under the age of 40 were not subjected to;

c.    willfully refusing to hire qualified applicants ages 40 and over for the Covered Positions.

79.    These company-wide policies are intended to and do have the effect of denying Plaintiffs and the collective employment opportunities because of their age. The discriminatory acts that constitute Eli Lilly's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

80.    Age is not a bona fide occupational qualification for the Covered Positions.

81.    As a direct result of Eli Lilly's discriminatory policies and/or practices as described above, Plaintiffs and the collective have suffered damages including, but not limited to, lost past and future income, liquidated damages, punitive damages, compensation, and benefits.

82.    The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 29 U.S.C. § 623(a)(1).

83.    Plaintiffs request relief as hereinafter described.

**SECOND CLAIM FOR RELIEF**
**Intentional Age Discrimination**
**Florida Civil Rights Act §760.01-760.11 (On Behalf of Plaintiff Grimes and the Class)**

84.    Plaintiff Grimes incorporates the preceding paragraphs 1-60 as alleged above.

85.    This Claim is brought by Representative Plaintiff Grimes on behalf of himself and the class he represents. Plaintiff has timely filed charges with the FCHR and has thus exhausted

his administrative remedies under the FCRA. More than 180 days have passed since Plaintiff Grimes filed his charge of discrimination with the FCHR.

86.     Eli Lilly engages in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against applicants and prospective applicants ages 40 and older who applied for Covered Positions in Florida. Eli Lilly has intentionally discriminated against Plaintiff and the Florida class in violation of the FCRA by, among other things:

      a.     willfully utilizing a biased recruiting system for Covered Positions that excludes, deters, and discriminates against workers ages 40 and over; and

      b.     willfully implementing a hiring quotas/mandates for "Millennials" and/or "Early Career Professionals" that deters and discriminates against applicants ages 40 and over for the Covered Positions;

      c.     willfully implementing an "approval" process for hiring applicants ages 40 and over for the Covered Positions that applicants under the age of 40 were not subjected to;

      c.     willfully refusing to hire qualified applicants ages 40 and over for the Covered Positions.

87.     These company-wide policies are intended to and do have the effect of denying Plaintiffs and the Florida Class employment opportunities in Florida because of their age. The discriminatory acts that constitute Eli Lilly's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

88.     Age is not a bona fide occupational qualification for the Covered Positions.

89.     As a direct result of Eli Lilly's discriminatory policies and/or practices as described above, Plaintiffs and the Florida Class have suffered damages including, but not

limited to, lost past and future income, liquidated damages, punitive damages, compensation, and benefits.

90.     The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by the FCRA.

91.     Plaintiff Grimes requests relief as hereinafter described.

**THIRD CLAIM FOR RELIEF**
**Intentional Age Discrimination**
**Georgia Age Discrimination Act**
**(On Behalf of Plaintiff Edmondson and the Class)**

92.     Plaintiff Edmondson incorporates the preceding paragraphs 1-44 and 61-75 as alleged above.

93.      This Claim is brought by Representative Plaintiff Edmondson on behalf of herself and the class she represents. Plaintiff has timely filed charges with the EEOC and has thus exhausted his administrative remedies under the GADA. More than 60 days have passed since Plaintiff Grimes filed her charge of discrimination with the EEOC.

94.     Eli Lilly engages in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against applicants and prospective applicants ages 40 and older who applied for Covered Positions in Georgia. Eli Lilly has intentionally discriminated against Plaintiff and the Georgia class in violation of the GADA by, among other things:

    a.      willfully utilizing a biased recruiting system for Covered Positions that
            excludes, deters, and discriminates against workers ages 40 and over; and

    b.      willfully implementing a hiring quotas/mandates for "Millennials" and/or
            "Early Career Professionals" that deters and discriminates against applicants
            ages 40 and over for the Covered Positions;

    c.      willfully implementing an "approval" process for hiring applicants ages 40

and over for the Covered Positions that applicants under the age of 40 were not subjected to;

c.     willfully refusing to hire qualified applicants ages 40 and over for the Covered Positions.

95.     These company-wide policies are intended to and do have the effect of denying Plaintiffs and the Georgia Class employment opportunities in Georgia because of their age. The discriminatory acts that constitute Eli Lilly's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

96.     Age is not a bona fide occupational qualification for the Covered Positions.

97.     As a direct result of Eli Lilly's discriminatory policies and/or practices as described above, Plaintiffs and the Georgia Class have suffered damages including, but not limited to, lost past and future income, liquidated damages, punitive damages, compensation, and benefits.

98.     The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by the GADA.

99.     Plaintiff Edmondson requests relief as hereinafter described.

## ALLEGATIONS REGARDING RELIEF

100.     Plaintiffs and the Florida/Georgia classes and collective members have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief they seek in this action is the only means of securing complete and adequate relief. Plaintiffs and the class and collective members Plaintiffs seek to represent are now suffering, and will continue to suffer, irreparable injury from Eli Lilly's discriminatory acts and omissions.

101.     Eli Lilly's actions have caused and continue to cause Plaintiffs and class and

collective members substantial losses in employment opportunities, earnings, and other employment benefits.

102.    In addition, Plaintiffs and class and collective members suffered and continue to suffer emotional distress, humiliation, embarrassment, and anguish, all to their damage in an amount according to proof.

103.    Eli Lilly performed the acts herein alleged with intentional malice, willfulness, deceit, oppression, or fraud. Plaintiffs and class members are thus entitled to recover punitive damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the class and collective pray for relief as follows:

(a)    Certification of the case as a class action on behalf of the proposed Florida and Georgia classes;

(b)    Designation of Plaintiff Jerad Grimes as representative of the Florida class;

(c)    Designation of Plaintiff Emily Edmondson as representative of the Georgia class;

(d)    Certification of the action as a nation-wide collective action under the ADEA;

(e)    Designation of Plaintiffs Grimes and Edmondson as representatives of the nation-wide collective action under the ADEA;

(f)    Designation of Representative Plaintiffs' counsel of record as class and collective counsel;

(f)    A declaratory judgment that the practices complained of herein are unlawful

and violate 29 U.S.C. §§ 621, *et seq.*; the Florida Civil Rights Act; and the Georgia Age Discrimination Act;

(e)      A preliminary and permanent injunction against Eli Lilly and its Partners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiffs and the classes and/or collective because of their age;

(f)      An order that Eli Lilly institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees regardless of age, and that it eradicate the effects of their past and present unlawful employment practices;

(g)      An order appointing a monitor to ensure that Eli Lilly complies with the injunction provisions of any decree that the Court orders;

(h)      An order retaining jurisdiction over this action to ensure that Eli Lilly complies with such a decree;

(i)      An order for front pay benefits to Plaintiffs and class and collective Members (excluding the deterred applicants);

(j)      Back pay (including interest and benefits) for Plaintiffs and class and collective members (excluding the deterred applicants);

(k)      All damages sustained as a result of Eli Lilly's conduct, including damages for emotional distress, humiliation, embarrassment, and anguish, according to proof (excluding the deterred applicants);

(l)       Liquidated damages (excluding the deterred applicants);

(m)     Exemplary and punitive damages in an amount commensurate with Eli

Lilly's ability to pay and to deter future conduct (excluding the deterred

applicants);

(n)     Costs incurred herein, including reasonable attorneys' fees to the extent

allowable by law;

(o)     Pre-judgment and post-judgment interest, as provided by law; and

(p)     Such other and further legal and equitable relief as this Court deems

necessary, just, and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and 29 U.S.C. §626(c)(2),

Plaintiffs demand a trial by jury in this action.

Dated: September 1, 2021.

Respectfully submitted by,

**/s/ J. Corey Asay**
J. COREY ASAY, ESQ.
Indiana Bar No.:  28453-49
Morgan & Morgan, P.A.
333 W. Vine Street, Suite 1200
Lexington, KY 40507
Phone: (859) 286-8368
Fax: (859) 286-8384
Email: casay@forthepeople.com

**/s/ Gregory R. Schmitz**
GREGORY R. SCHMITZ, ESQ. (PHV Pending)
Florida Bar No.:  0094694
C. Ryan Morgan, Esq. (PHV Pending)
Florida Bar No.: 15527
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
Orlando, Florida 32801
Telephone:  (407) 204-2170
Facsimile:   (407) 245-3401
E-mail: gschmitz@forthepeople.com
          rmorgan@forthepeople.com
          csilva@forthepeople.com
          aperez@forthepeople.com

mbarreiro@forthepeole.com

**/s/ _Marc R. Edelman_**
MARC R. EDELMAN, ESQ. (PHV Pending)
Florida Bar No.: 0096342
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-223-5505
Facsimile: 813-257-0572
E-mail: medelman@forthepeople.com

**/s/ ANGELI MURTHY**
ANGELI MURTHY, ESQ. (PHV Pending)
FL Bar No.:  88758
MORGAN & MORGAN, P.A.
8151 Peters Road, Ste. 4000
Plantation, Florida  33324
Telephone:  954-318-0268
Facsimile:  954-327-3016
E-mail: amurthy@forthepeople.com
**Attorneys for Plaintiffs**