# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JERAD GRIMES, and GEORGIA EMILY EDMONDSON on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ELI LILLY AND COMPANY, a Domestic For-Profit Corporation And LILLY USA, LLC, a Domestic Limited Liability Company, <br><br> Defendants. | Case No. 1:21-cv-2367-RLY-DLP |

## AMENDED ESI SUPPLEMENT TO CASE MANAGEMENT PLAN

Pursuant to the Court's direction at the Initial Pretrial Conference held on January 13, 2022, the parties hereby respectfully submit the following Amended ESI Supplement to the Case Management Plan.

1. <u>Discovery Scope</u>.  Following a detailed discussion between counsel of a discovery plan for this matter, each party should outline below the categories and types of information that party intends to seek in discovery in this matter.  This outline should include, in addition to identification of the various topics on which discovery will be sought and identification of the nature and type of documents to be produced, a list by each party of the potentially relevant custodians of such information and the date ranges relevant to discovery in this matter.

    Plaintiff(s):

    Email exchanges, documents, power point presentations regarding early career professionals, hiring goals/quotas, recruitment parameters/preferences, discussions about early career professional hiring amongst management, executive-level employees, C-level executives.

Any and all hiring data for the relevant time period.

Any and all documents reflecting the practice whereby management had to obtain approval from executives before hiring anyone who was not a millennial and/or early career professional.

IGNITE meeting notes, minutes and email exchanges regarding early career professional hiring and millennials amongst all IGNITE meeting participants.

All communications regarding early career professional hiring amongst district sales managers, area sales managers, Human Resources, recruitment, executive leadership committee, the Vice President of Sales for the Diabetes Business Unit and/or Compliance, regarding early career professional and/or millennial hiring.

All data, charts, graphs and/or metrics which tracked early career professional/millennial hiring across the country.

Any and all communications between district sales managers, area sales managers and/or the Vice President of Sales for the Diabetes Business unit throughout the United States where early career professional hiring is discussed while making hiring decisions.

<u>Custodians</u>
  i. Richard Ruth
  ii. Rebecca Hammel
  iii. Adrian Brown
  iv. Ilya Yuffa
  v. Enrique Conterno
  vi. David Noesges
  vii. Steve Fry
  viii. Maurice Taylor
  ix. Jennifer Porath
  x. Amy Green
  xi. Amber Sellers

    xii. Laura Swint

    xiii. Hollie Eble

    xiv. Andrew Oxtaby

    xv. Frank Jefferson

    xvi. Mike Mason

    xvii. Laura Bickell

    xviii. Keenan Ingram

    xix. Matthew Kipp

    xx. Chris Rimmel

    xxi. Javier Hernandez

    xxii. Doug Lindsey

    xxiii. Kathleen Tarbet

    xxiv. All members of the "Executive Committee" not listed above

<u>Relevant time period</u>

April 1, 2017 to the present day

Defendant(s): Defendants generally agree with Plaintiffs on the scope of ESI discovery from Defendants if the Court finds that Plaintiffs' Complaint states a plausible claim, subject to agreement on particular ESI search terms, and any objections appropriate under the Federal Rules, with the following exceptions:
- The "relevant time period" should end no later than 2020, when the Early Career Professional initiative ended.
- "Hiring Data," and ESI generally, should be limited to Pharmaceutical Sales Representative positions in the Diabetes Business Unit
- "All members of the Executive Committee" is overbroad. Many members of the 16-member Executive Committee have no involvement in hiring practices or decisions whatsoever. Defendants will agree to the 23 named custodians identified by Plaintiffs.

3

- ESI discovery from Plaintiffs will include electronically-stored documents such as emails, resumes, job applications, cover letters, and other correspondence reflecting Plaintiffs' efforts to find Pharmaceutical Sales jobs.

2. ESI Sources and Volumes.  With regard to the discovery outlined in paragraph 1, each party should discuss the types of ESI (*e.g.*, Outlook e-mail, Word documents, Excel spreadsheets, CAD drawings, etc.) implicated by the opposing party's requests (meaning that Defendant should address the categories and types of information identified by the Plaintiff, etc.), any proprietary software involved in the production of such ESI, the location of such ESI (*e.g.,* 14 servers located in 3 states, 57 individual PC hard drives that are not connected to a central server, etc.), and the estimated volume of ESI implicated by such requests (*e.g.*, 20 GB of Outlook .pst files, 500 MB of Excel spreadsheets, etc.).

   Plaintiff(s): Outlook email, Excel spreadsheets, PowerPoint presentations, text messages, group chats utilized by Defendant's employees, Word documents.

   The size of this production is unknown to Plaintiffs.

   Defendant(s):  From Defendants, email, excel spreadsheets, PowerPoint presentations, word documents, pdf documents. Responsive ESI is most likely hosted on a Microsoft Azure infrastructure.  The volume of ESI at issue is currently unknown to Defendants.

   From Plaintiffs, emails, word documents, and pdf documents.  Defendants lack knowledge of the location of these documents or the size of the production.

3. Accessibility.  Identify any potential sources of ESI in this matter that are "not reasonably accessible" as defined by Fed. R. Civ. P. 26(b)(2)(B).

   Plaintiff(s): N/A

   Defendant(s): N/A

4. ESI Management Software.  Describe the software each party intends to use to manage any ESI produced in this matter and identify the Information

Technology personnel primarily responsible for assisting counsel with the production and management of ESI in this matter.

Plaintiff(s): N/A

Defendant(s): Defendants anticipate using a Relativity database to manage ESI. Defendants have not yet identified the Information Technology personnel who will primarily assist counsel.

5. <u>Metadata</u>. Identify the potential sources of metadata in this matter and each party's anticipated use of metadata in this matter.

   Plaintiff(s): Plaintiffs request all metadata for any documents be produced and all such documents be produced in native format. To the extent such is not feasible, Plaintiffs request that the following metadata fields be produced:

| Field | Definition | Doc Type |
|---|---|---|
| CUSTODIAN | Name of person or other data source (non-human) from where documents/files are produced. *Where redundant names occur, individuals should be distinguished by an initial which is kept constant throughout productions (e.g., Smith, John A. and Smith, John B.)* | All |
| BEGBATES | Beginning Bates Number (production number) | All |
| ENDBATES | Ending Bates Number (production number) | All |
| PGCOUNT | Number of pages in the document | All |
| FILESIZE | File Size | All |
| APPLICAT | Commonly associated application for the specified file type. | All |

| | | |
|---|---|---|
| FILEPATH | Original file/path of the location where the item was located at the time of collection. This should include location, file name, and file extension. Any container name should be included in the path. | E-document |
| FILENAME | Original file name at the point of collection | E-Document. |
| NATIVEFILELINK | For documents provided in native format only | All |
| TEXTPATH | File path for OCR or Extracted Text files | All |
| MSGID | Email system identifier assigned by the host email system. This value is extracted from parent message during processing | E-mail |
| Folder | Folder location of the e-mail within the PST/OST | E-mail |
| FROM | Sender | E-mail |
| TO | Recipient | E-mail |
| CC | Additional Recipients | E-mail |
| BCC | Blind Additional Recipients | E-mail |
| SUBJECT | Subject line of e-mail | E-mail |
| CONVERSATIONID | Email thread identifier | E-mail |
| BEGATTACH | First Bates number of family range (i.e., Bates number of the first page of the parent e-mail or document) | E-mail, E-Documents |
| ENDATTACH | Last Bates number of family range (i.e., Bates number of the last page of the last attachment or, if no attachments, the document itself) | E-mail |
| ATTACHCOUNT | Number of attachments to an e-mail | E-mail |
| DATESENT (mm/dd/yyyy hh:mm:ss AM) | Date Sent | E-mail |
| DATERCVD (mm/dd/yyyy hh:mm:ss AM) | Date Received | E-mail |
| TITLE | Internal document property | E-document |
| AUTHOR | Creator of a document | E-document |

| | | |
|---|---|---|
| DATECRTD (mrn/dd/yyyy hh:mm:ss AM) | Creation Date | E-document |
| LASTMODD (mrn/dd/yyyy hh:mm:ss AM) | Last Modified Date | E-document |
| Office Flags | Identifies any hidden text, hidden rows, hidden comments, etc. | E-document |
| DocumentType | Descriptor for the type of document: **"E-document"** for electronic documents not attached to e-mails; **"E-mail"** for all e-mails; **"E-attachment"** for files that were attachments to e-mails; and **"Physical"** for hard copy physical documents that have been scanned and converted to an electronic image. | All |
| Importance | High Importance — indicates Priority E-mail | E-mail |
| Redacted | Descriptor for documents that have been redacted.  "Yes" for redacted documents; "No" for un- | All |
| RedactionReason | Basis of redaction. If more than one, separate reasons by semi-colons | |
| ProdVol | Name of media that data was produced on. | All |
| Confidentiality | Confidentiality level if assigned pursuant to any applicable Protective Order or stipulation. | All |

  a. Defendant(s): **Metadata to be Produced**. The following metadata fields will be produced for each document to the extent that such information is available at the time of collection and processing:[1]

   i. BEGINDOC

   ii. ENDDOC

   iii. BEGATTACH

   iv. ENDATTACH

   v. SOURCE

---

[1] Additional fields such as File Path may be considered during negotiations, subject to discussion with the Lilly Attorney and Case Manager.

7

      vi.     FILEEXTENSION

      vii.    FILENAME

      viii.   DOCDATE

      ix.     AUTHOR

      x.      TO

      xi.     FROM

      xii.    CC

      xiii.   BCC

      xiv.   SUBJECT

      xv.    CONFIDENTIALITY

      xvi.   TEXT

      xvii.  IND/NDA No.

      xviii. IND/NDA Sequence No.

      xix.   IND/NDA Supplement No.

      xx.    IND/NDA Abstract

      xxi.   IND/NDA Submission Date

This list of fields does not create any obligation to create or manually code fields that are not automatically generated by the processing of ESI, that do not exist as part of the original metadata of the document, or would be burdensome or costly to obtain.

6. <u>ESI Format</u>. Set forth the format in which each party will produce ESI in this matter.

   Plaintiff(s): Plaintiffs request Defendant produce documents in native format. Plaintiff reserves the right to request alternative formats as needed in order to integrate same with Plaintiff's document management software.

   Defendant(s):  **General Provisions**.  All documents, unless otherwise specified, whether stored as paper or ESI, will be produced by both Parties as black-and-white, single-page, 300 dpi (minimum) Group IV TIFF images, with text in document level text files, with a load file that references the images and text, and a .DAT file with delimiters that list the metadata fields below.

Image reference load files will be provided in .LFP, .OPT and .DII formats. After production in this format is received, the Parties will meet and confer regarding any good faith request for the production of ESI in native file format. A Party may make a good faith request that a document produced in black-and-white be re-produced in color, and the Parties will meet and confer regarding such a request.

**Native Format**. The Parties shall produce Excel spreadsheets, audio files, and video files in native format, unless redacted, with extracted searchable text and the applicable metadata specified in this ESI Order.

7. <u>Discovery Sequencing</u>.  Have the parties agreed on a plan for the sequencing of discovery in this matter?  Not yet at this time, but the Parties are amenable to discussing such issues before the Court to arrive at the best solution. The Parties agree that very limited discovery should take place prior to Plaintiffs moving for conditional certification of Plaintiffs' collective action under the ADEA.

    If yes, please describe such agreements:

    The Parties have agreed that discovery for conditional and class certification purposes shall take place on or before September 16, 2022.

    Plaintiffs shall have 60 days thereafter to file motions for conditional and class certification on November 15, 2022.

    Defendants response to Plaintiff's class and conditional certification motions shall be due 60 days thereafter on January 16, 2023.

    Plaintiffs will provide an expert report on damages, to the extent conditional and/or class certification is granted 120 days after such conditional and/or class certification is granted.

    If no, please describe the efforts undertaken to reach agreement and identify the issues that remain outstanding:

8. <u>Search Protocol</u>.  Have the parties agreed on any protocol for the identification and review of relevant ESI (*e.g.*, search terms, predictive coding, etc.)?  Plaintiff requests search term searches which may be narrowed down using predictive coding to ensure efficiency on both sides.  Defendants do not expect that predictive coding will be necessary.

9

If yes, please describe such agreements, including, if applicable, a list of agreed search terms to be used:

If no, please describe the efforts undertaken to reach agreement and identify the issues that remain outstanding: The Parties will begin to exchange search terms in the near future.

9. <u>Preservation</u>.  Describe what efforts each party has undertaken to ensure the preservation of ESI potentially relevant to this matter and identify any unresolved issues pertaining to the preservation of ESI in this matter?

    Plaintiff(s): Plaintiffs have preserved documents regarding their applications for employment with Defendant.

    Defendant(s): Have issued and/or will issue litigation hold notices to the custodians listed above.

    Unresolved issues:  None

10. <u>Cost of Production</u>.  Each party should analyze the data provided in paragraph 2 and provide an estimate of the costs associated with production of ESI in this matter:

    Plaintiff(s): Unclear at this time.

    Defendant(s): Unknown at this time.

11. <u>Cost Allocation/Savings</u>.  Describe below the parties' discussions regarding cost-shifting or cost-savings measures in this matter and set forth in detail any agreements reached between the parties in that regard:

12. <u>Discovery Proportionality</u>.  Do the parties agree that the discovery of ESI in this matter satisfies the proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C)? Plaintiffs believes given the national scope of the class/collective allegations in Plaintiffs' Complaint that such discovery is necessary and proper as potentially thousands of applicants were impacted by Defendant's alleged discriminatory practices over the course of several years and potentially up to the present day/ongoing.

><u>Defendants are not in a position to address the proportionality of Plaintiffs' requested discovery until search terms and custodians have been identified with particularity.</u>

>If no, identify the nature of the dispute:

13. <u>Claw Back Agreement</u>.  Have the parties agreed on the following unintentional production "claw back" provision?  Plaintiffs agree to the below provision.

    >In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

    If no, set forth the alternative provision being proposed?

14. <u>Other</u>. Identify all outstanding issues or disputes concerning ESI not otherwise addressed herein.

    Plaintiff(s): Unknown at this time, but Plaintiffs reserve the right to address additional issues as they become known.

    Defendant(s):  Unknown at this time, but Defendants reserve the right to address additional issues as they become known.

11

Dated: January 20, 2022					Respectfully submitted,

/s/ Michael R. Phillips

Joel H. Spitz
Michael R. Phillips
David D. Leishman
Melissa M. Weiss
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
(312) 849-8100 (telephone)
(312) 849-3690 (facsimile)
jspitz@mcguirewoods.com
mphillips@mcguirewoods.com
dleishman@mcguirewoods.com
mweiss@mcguirewoods.com

*Attorneys for Defendants*

/s/ Gregory R. Schmitz

J. COREY ASAY, ESQ.
Indiana Bar No.: 28453-49
Morgan & Morgan, P.A.
333 W. Vine Street, Suite 1200
Lexington, KY 40507
Phone: (859) 286-8368
Fax: (859) 286-8384
Email: casay@forthepeople.com

GREGORY R. SCHMITZ, ESQ.
Florida Bar No.: 0094694
C. Ryan Morgan, Esq.
Florida Bar No.: 15527
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
Orlando, Florida 32801
Telephone: (407) 204-2170
Facsimile: (407) 245-3401
E-mail: gschmitz@forthepeople.com

MARC R. EDELMAN, ESQ.
Florida Bar No.: 0096342
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700

Tampa, Florida 33602
Telephone: 813-223-5505
Facsimile: 813-257-0572
E-mail: medelman@forthepeople.com

ANGELI MURTHY, ESQ. (PHV Pending)
FL Bar No.:  88758
MORGAN & MORGAN, P.A.
8151 Peters Road, Ste. 4000
Plantation, Florida  33324
Telephone:  954-318-0268
Facsimile:  954-327-3016
E-mail: amurthy@forthepeople.com
***Attorneys for Plaintiffs***